

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-81,786-01

### EX PARTE CHARLES COX, SR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 17507 IN THE 6TH DISTRICT COURT
### FROM LAMAR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated sexual assault of a child and was sentenced to twenty-five years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because counsel did not advise Applicant that he had the option of pleading "not guilty" and having

---

[1]This Court has reviewed Applicant's other claims, and finds them to be without merit.

a trial by jury, then electing to have the trial court determine punishment if he were found guilty by the jury. Applicant also alleges that counsel did not advise him of the possibility of seeking a lesser-included offense instruction on indecency with a child by contact if he elected to go to trial on the charges.

Applicant alleges that trial counsel should have required the State to elect which paragraph of the two-paragraph indictment it intended to proceed upon. Pointing out that the indictment appears to allege two different manner and means for committing a single offense, Applicant alleges that the judgment showing that he was convicted of "Paragraphs 1 & 2" is improper. Applicant alleges that the judgment is being used to label him as a repeat sexually violent offender under the civil commitment statute, when in fact he has only been convicted of a single sex offense.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

Because Applicant is challenging a conviction from 1999 in this application but did not file this application until approximately fifteen years later, there is a possibility that Applicant's claims may be precluded by laches. However, because the record is silent on the circumstances that may

excuse this substantial delay, we reserve judgment as to whether laches bars Applicant's request for relief until he is given an opportunity to explain his delayed application. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014). The trial court shall provide Applicant with the opportunity to explain his delay in seeking habeas relief, and thereafter the trial court shall make findings of fact and conclusions of law as to whether Applicant's claims should be barred by laches.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings as to whether the judgment showing that Applicant was convicted of the offense charged in both paragraphs of the indictment is a clerical error subject to correction by way of a judgment *nunc pro tunc*. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: July 29, 2015
Do not publish